```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP,
LABOR-MANAGEMENT COOPERATION,
PENSION and WELFARE FUNDS,

                        Plaintiffs,
                                            MEMORANDUM & ORDER
          -against-                         13-CV-1508(JS)(ARL)

DYKEMAN CARPENTRY, INC.; RM CONTRACTING
SERVICES, INC.; SISCA NORTHEAST, INC.;
and J.J. SISCA & ASSOCIATES BUILDING
CORPORATION,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:         Charles R. Virginia, Esq.
                        Michael Bauman, Esq.
                        Nathan V. Bishop, Esq.
                        Virginia & Ambinder LLP
                        111 Broadway, 14th Floor, Suite 1403
                        New York, NY 10006

For Defendants
Dykeman Carpentry &
RM Contracting:         Edward Joseph Mitchell, Esq.
                        Nobile, Margarian & DiSalvo, LLP
                        111 Kraft Ave.
                        Bronxville, NY 10708

Sisca Northeast, Inc.
& J.J. Sisca:           Alexander Fausto Ferrini, Esq.
                        200 Park Avenue South, #915
                        New York, NY 10003
```

SEYBERT, District Judge:

Plaintiffs, the trustees of a group of employee benefit plans ("Plaintiffs"), commenced this action against defendants Dykeman Carpentry, Inc. ("Dykeman"), RM Contracting Services, Inc.

("RM Contracting"), Sisca Northeast, Inc. ("Sisca Northeast"), and J.J. Sisca & Associates Building Corporation ("J.J. Sisca," and together with Sisca Northeast, the "Sisca Companies") (collectively, "Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act of 1947 ("LMRA").  The Complaint alleges that Defendants are alter egos of one another or constitute a single employer, such that RM Contracting and the Sisca Companies are bound by a collective bargaining agreement to which Dykeman is a signatory and that Defendants are therefore jointly and severally liable for alleged delinquent employer contributions.  (Compl. ¶¶ 24-32.)  Currently pending before the Court is the Sisca Companies' motion to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56.[1]  For the following reasons, the Sisca Companies' motion is DENIED.

---

[1] Counsel for the Sisca Companies filed separate, but substantively identical, motions and supporting documents for Sisca Northeast and J.J. Sisca.  (See Docket Entries 14-15.)  As the motions and supporting documents are identical, the Court will cite only to the filings at Docket Entry 14.

## BACKGROUND[2]

Plaintiffs are the trustees of the Empire State Carpenters Annuity, Apprenticeship, Pension and Welfare Funds (the "ERISA Funds") and the Empire State Carpenters Labor Management Cooperation Fund (the "Labor Management Fund," and together with the ERISA Funds, the "Funds"). (Compl. ¶¶ 4-5.)

Dykeman is a party to collective bargaining agreements (the "CBAs") with the Northeast Regional Council of Carpenters f/k/a the Empire State Regional Council of Carpenters (the "Union"). (Compl. ¶ 10.) Pursuant to the CBAs, Dykeman is obligated "to make specified hourly contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ('Covered Work')." (Compl. ¶ 11.) The CBAs provide that "all employers bound thereto are obligated to abide by the trust agreements (the 'Trust Agreements') by which the Funds are operated, including any modifications or amendments thereto, and by the rules and regulations adopted by Plaintiffs." (Compl. ¶ 17.) The CBAs and the Trust Agreements authorize and "require employers bound thereto to submit to an audit of their books and records by Plaintiffs to verify that the employers have made all required contributions to the Funds." (Compl. ¶ 18.)

---

[2] The following facts are taken from the Complaint and are presumed to be true for the purposes of this Memorandum and Order.

3

Plaintiffs allege that "an audit of Dykeman's books and records covering the period February 26, 2007 through May 10, 2011 found that Dykeman failed to pay contributions to the Funds in the amount of $1,933,559.10 . . . ." (Compl. ¶ 19.) The Funds had not previously discovered Dykeman's delinquency "because Dykeman failed to comply with its obligation to report these hours to the Funds." (Compl. ¶ 19.)

RM Contracting and the Sisca Companies are not signatories to the CBAs. However, Plaintiffs allege that RM Contracting and the Sisca Companies are bound by the CBAs (and consequently, are jointly and severally liable for the delinquent employer contributions) either because they are alter egos of Dykeman or because Dykeman, RM Contracting, and the Sisca Companies constitute a single employer. (Compl. ¶ 31.) Plaintiffs allege that Defendants "had substantially identical management, business purpose, operations, office staff, equipment, customers, supervision, and/or ownership," (Compl. ¶ 25), and that Defendants "acted as a single enterprise," (Compl. ¶ 30.). In addition, Plaintiffs allege that Defendants "operated at the same location in Brewster, New York" during all relevant times, (Compl. ¶ 26); that Defendants "shared common employees who performed work covered by the CBAs," (Compl. ¶ 27); and that employees of Defendants "interchanged between and among the companies," (Compl ¶ 29.). Finally, Plaintiffs allege that RM Contracting and the

4

Sisca Companies "paid employees for work covered by the CBAs that the employees performed for Dykeman, and thereby aided Dykeman in evading its contractual obligations to the Funds." (Compl. ¶ 28.)

Plaintiffs commenced this action on March 21, 2013. The Complaint seeks (1) a money judgment holding Defendants jointly and severally liable for delinquent contributions to the Funds in the amount of $1,933,559.10 and interest and (2) an order directing Defendants to submit to an audit. (Compl. at 10-11.) On July 1, 2013, the Sisca Companies moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. That motion is currently pending before the Court.

DISCUSSION

I. Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at

72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

The Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

II. Motion to Dismiss

Plaintiffs allege that RM Contracting and the Sisca Companies are bound by the CBAs, and consequently, are jointly and severally liable for delinquent employer contributions to the Funds, either because they are alter egos of Dykeman or because Dykeman, RM Contracting, and the Sisca Companies constitute a single employer. (Compl. ¶ 31.) The Sisca Companies argue that the Complaint fails to adequately plead that the Sisca Companies

are alter egos of Dykeman or that the companies constitute a single employer because the relevant allegations of the Complaint are legal conclusions and do not state a plausible claim. (Defs.' Br., Docket Entry 14-5, at 8-13.) The Court disagrees.

A. Single Employer Doctrine

Under the single employer doctrine, "[a] collective bargaining agreement binding on one employer may be enforced against a non-signatory employer if (1) the two employers constitute a 'single employer' and (2) the employees of the companies constitute a single appropriate bargaining unit." United Union of Roofers, Waterproofers, & Allied Workers Local No. 210, AFL-CIO v. A.W. Farrell & Son, Inc., --- F. App'x ----, 2013 WL 5614086, at *2 (2d Cir. Oct. 15, 2013) (citing Brown v. Sandimo Materials, 250 F.3d 120, 128 n.2 (2d Cir. 2001)). "Separate companies are considered a 'single employer' if they are 'part of a single integrated enterprise.'" Lihli Fashions Corp. v. NLRB, 80 F.3d 743, 747 (2d Cir. 1996) (per curiam) (quoting Clinton's Ditch Coop. Co. v. NLRB, 778 F.2d 132, 137 (2d Cir. 1985)).

"Whether two entities constitute a 'single employer' is determined by four factors enumerated by the Supreme Court: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership." A.W. Farrell & Son, Inc., 2013 WL 5614086, at *2 (citing Radio & Television Broad. Technicians Local Union 1264 v. Broad. Serv. of

7

Mobile, Inc., 380 U.S. 255, 256, 85 S. Ct. 876, 13 L. Ed. 2d 789 (1965) (per curiam). The Second Circuit has added two additional factors: "(5) 'the use of common office facilities and equipment,'" and "(6) 'family connections between or among the various enterprises.'" Id. (quoting Lihli Fashions Corp., 80 F.3d at 747). Although "no single factor is dispositive," the Second Circuit has "identified control of labor relations as 'central.'" Id. (quoting Murray v. Minor, 74 F.3d 402, 404 (2d Cir. 1996).

B. Alter Ego Doctrine

"The alter ego doctrine, while having the same binding effect on a non-signatory as the single employer/single unit doctrine, is conceptually distinct." Truck Drivers Local Union No. 807 v. Reg'l Import & Export Trucking, Co., 944 F.2d 1037, 1046 (2d Cir. 1991). The Second Circuit has stated that "the focus of 'the alter ego doctrine, unlike that of the single employer doctrine, is on the existence of a disguised continuance or an attempt to avoid the obligations of a collective bargaining agreement through a sham transaction or technical change in operations." Id. (quoting Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc., 690 F.2d 489, 507-508 (5th Cir. 1982)).

"The hallmarks of the alter ego doctrine include 'whether the two enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership.'" Id. (quoting Goodman Piping

8

Products, Inc. v. NLRB, 741 F.2d 10, 11-12 (2d Cir. 1984) (per curiam)). The determination that an entity is an alter ego "signifies that, for all relevant purposes, the non-signatory is legally equivalent to the signatory and is itself a party to the CBA." Local Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Custom Air Sys., Inc., 357 F.3d 266, 268 (2d Cir. 2004). "The purpose of the alter ego doctrine in the ERISA context is to prevent an employer from evading its obligations under the labor laws 'through a sham transaction or technical change in operations.'" Ret. Plan of the UNITE HERE Nat'l Ret. Fund v. Kombassan Holding A.S., 629 F.3d 282, 288 (2d Cir. 2010) (quoting Newspaper Guild of N.Y., Local No. 3 of the Newspaper Guild, AFL-CIO v. NLRB, 261 F.3d 291, 298 (2d Cir. 2001)).

    C.    Application

Plaintiffs allege that RM Contracting and the Sisca Companies are bound by the CBAs, and consequently, are jointly and severally liable for delinquent employer contributions to the Funds, either because they are alter egos of Dykeman or because Dykeman, RM Contracting, and the Sisca Companies constitute a single employer. (Compl. ¶ 31.) The Complaint contains the following allegations, which closely track the factors courts consider when applying the single employer and alter egos doctrines:

25. Upon information and belief, at relevant times, Dykeman, [RM Contracting], and [the Sisca Companies] had substantially identical management, business purpose, operations, office staff, equipment, customers, supervision, and/or ownership.

26. Upon information and belief, at relevant times, Dykeman, [RM Contracting], and [the Sisca Companies] operated at the same location in Brewster, New York.

27. Upon information and belief, at relevant times, Dykeman, [RM Contracting], and [the Sisca Companies] shared common employees who performed work covered by the CBAs.

28. Upon information and belief, at relevant times, [RM Contracting] and [the Sisca Companies] paid employees for work covered by the CBAs that the employees performed for Dykeman, and thereby aided Dykeman in evading its contractual obligations to the Fund.

29. Upon information and belief, at relevant times, employees of Dykeman, [RM Contracting], and [the Sisca Companies] interchanged between and among the companies.

30. Upon information and belief, at relevant times, Dykeman, [RM Contracting], and [the Sisca Companies] acted as a single integrated enterprise. There was never an arm's length relationship between or among them.

(Compl. ¶¶ 25-30.)

The Sisca Companies first argue that these allegations are legal conclusions and mere "'threadbare recitals of the elements' of the single employer and alter ego doctrines." (Defs.'

Br. at 8.) While it is true that these allegations track the relevant factors for determining single employer and alter ego status, they are not simply legal conclusions. See Trustees of the Mosaic & Terrazzo Welfare Pension, Annuity, & Vacation Funds v. Cont'l Floors, Inc., No. 13-CV-1739, 2013 WL 5637492, at *6 (E.D.N.Y. Oct. 15, 2013). In addition, contrary to the Sisca Companies' contention, the fact that these allegations are made "upon information and belief" does not render them implausible. Id. (citing Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (holding that "Twombly plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant" (internal quotations marks and citation omitted)).

The Sisca Companies next contend that these allegations, even if they are facts to be accepted as true, fail to state a plausible claim under the Iqbal/Twombly pleading standard. (Defs.' Br. at 11-13.) The Court disagrees. Taken as true, the relevant allegations state a plausible claim that the Sisca Companies are alter egos of Dykeman or that Dykeman, RM Contracting, and the Sisca Companies constitute a single employer. See, e.g., Cont'l Floors, Inc., 2013 WL 5637492, at *6. In Continental Floors, Inc., the court, after conducting an in-depth review of other district court decisions considering Iqbal and

11

Twombly in the alter ego/single employer context, found nearly identical allegations to state a plausible claim for relief under the alter ego and single employer doctrines. Id. (denying motion to dismiss because "[t]he weight of authority compels the conclusion that the allegations in the Complaint, although lean, are sufficient to state a plausible claim") (citing Trustees of the Hollow Metal Trust Fund v. FHA Firedoor Corp., No. 12-CV-7069, 2013 WL 1809673 (S.D.N.Y. Apr.30, 2013) (denying motion to dismiss where plaintiffs "summarily pleaded each of" the factors of the alter ego test); Operating Eng'rs Local 101 Pension Fund v. Al Muehlenberger Concrete Constr., Inc., No. 13–CV-2050, 2013 WL 5409116, at *6 (D. Kan. Sept. 26, 2013) (denying motion to dismiss where plaintiffs summarily pleaded, "upon information and belief," factors relevant to alter ego determination); Detroit Carpenters Fringe Benefit Funds v. Andrus Acoustical, Inc., No. 11–14656, 2012 WL 601425 (E.D. Mich. Feb. 23, 2012) (finding that plaintiffs sufficiently pleaded an alter ego claim where they alleged that the entities "share management, equipment, facilities, employees, customers, and are both engaged in the [same] business" and that the owners of each exercise control over the other); Flynn v. R.D. Masonry, Inc., 736 F. Supp. 2d 54 (D.D.C. 2010) (holding that plaintiffs stated a plausible alter ego claim where they alleged that the defendants had "common ownership or management, and/or the same or similar employees, customers, and type of work" and

that the defendants had the same address)).  The Court finds Continental Floors, Inc. well-reasoned and applicable here.

Rule 8(a)(2) only requires that a complaint contain a "short and plain statement of the claim" showing that the Plaintiff is entitled to relief.  Although the Sisca Companies urge the Court to require more detail in Plaintiffs' Complaint, it is well settled that "'detailed factual allegations' are not required."  Cont'l Floors, Inc., 2013 WL 5637492, at *7 (quoting Twombly, 550 U.S. at 555).  The Complaint gives the Sisca Companies "'fair notice of what the claim is and the grounds upon which it rests' . . . ."  Id. (quoting Twombly, 550 U.S. at 555).  Accordingly, the Sisca Companies motion to dismiss is DENIED.

III. Motion for Summary Judgment

Finally, the Sisca Companies request, in the alternative, that the Court convert their motion to dismiss into one for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (Defs.' Br. at 13-17.)  In support of the motion for summary judgment, the Sisca Companies have submitted affidavits from the Presidents of the Sisca Companies, Dykeman, and RM Contracting, which contain numerous factual allegations purporting to establish that the companies are not a single employer or alter egos of each other.  (Docket Entries 14-1, 14-2 & 14-3.)  As discussed below, given the fact-intensive nature of Plaintiffs' claims and the Sisca Companies' affidavits and

13

defenses, as well as the absence of discovery in this matter, the Court declines to convert the motion to dismiss into one for summary judgment.

Federal Rule of Civil Procedure 12(d) permits a court to convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court . . . ." FED. R. CIV. P. 12(d). However, a court is not required "to convert a 12(b)(6) motion to one for summary judgment in every case in which a defendant seeks to rely on matters outside the complaint in support of a 12(b)(6) motion; it may, at its discretion, exclude the extraneous material and construe the motion as one under Rule 12(b)(6)." United States v. Int'l Longshoremen's Ass'n, 518 F. Supp. 2d 422, 450 (E.D.N.Y. 2007).

Here, the Sisca Companies have submitted affidavits that present factual questions going to the weight of the evidence in support of Plaintiffs' allegations. However, the resolution of a factual dispute, "in the absence of any discovery or evidentiary hearing, is not appropriate on a motion to dismiss." In re Bear Stearns Cos. Secs., Derivative, & ERISA Litig., 763 F. Supp. 2d 423, 502-03 (S.D.N.Y. 2011); see Novie v. Vill. of Montebello, No. 10-CV-9436, 2012 WL 3542222, at *9 (S.D.N.Y. Aug. 16, 2012) ("[I]t is improper for a court to consider declarations and affidavits on a motion to dismiss.") (collecting cases). Thus, in its

14

discretion, the Court declines to convert the Sisca Companies' motion into one for summary judgment. See Alston v. 1749-1753 First Ave. Garage Corp., No. 12-CV-2676, 2013 WL 3340484, at *3 (E.D.N.Y. July 2, 2013) (declining to convert motion to dismiss in ERISA case based on affidavits from president of defendant employer because the arguments presented by defendant in favor of dismissal were "fact-intensive" and the affidavits "from key witnesses are not equal replacements for depositions and other discovery").

CONCLUSION

For the foregoing reasons, the Sisca Companies' motion to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56, is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  March  12 , 2014
        Central Islip, New York